IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES GOOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-2744-JDT-egb |
| ) | |
| CORRECTION CORPORATION ) | |
| OF AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER FOR PARTIAL DISMISSAL
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
DEFENDANT TYUS

On November 16, 2015, Plaintiff James Gooch ("Gooch"), who is confined in the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis* regarding incidents that occurred while Gooch was incarcerated at Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF Nos. 1 & 2.) Following the Court's direction (ECF NO. 4.), on November 23, 2015, Gooch filed a second motion to proceed *in forma pauperis*. (ECF No. 5) On November 25, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.). The Clerk shall record the defendants as the Correction Corporation of America ("CCA"), HCCF Former Warden Michael Donahue, HCCF Internal Affairs Robert Shouse, Former HCCF Captain ("Cpt.") Dennis Tyus, HCCF Chief of Unit

Managers Donna Mills, HCCF Unit Manager Taneshia Douglas, and HCCF Sergeant ("Sgt.") First Name Unknown ("FNU") Golden.

## I. THE COMPLAINT

Gooch alleges that from October 7, 2014 to November 19, 2014, Defendants Douglas and Golden maliciously harassed him out of retaliation for Gooch's winning a settlement for a lawsuit against Defendant's friend, Ms. Buford, in case no. 11-1098-JDT.egb. (Compl. at 3, ECF No. 1.) Defendant Douglas told Gooch that she was going to make his life "a living hell," such that Gooch could not walk of the H-pod Unit without Defendants Douglas and Golden searching him without cause. (*Id.*) Specifically, on November 3, 2014, Defendants Douglas and Tyus stopped Gooch in the hallway by H-unit, and Defendant Douglas told Defendant Tyus to search Gooch because she said he might have drugs on him. (*Id.*) That same day, Gooch told Warden Bradshaw, who is not a party to this complaint, about Defendant Douglas and her unit's harassment and filing of false allegation against him as well as talked with Warden Dickerson, who is also not a party to this complaint, about Defendant Douglas's filing of false allegations. (*Id.*) Warden Bradshaw told Gooch that he would have a talk with Defendant Douglas; however, Warden Dickerson told him that Defendant Douglas asked him to search Gooch because he walked all over the prison. (*Id.*) On November 4, 2014, Defendant Golden searched Gooch telling him that she was told to search him by Defendant Douglas. (*Id.*)

Gooch alleges that on November 10, 2014, he was sexually assaulted by Defendant Tyus. (*Id.*) On November 10, 2014, Defendant Tyus came to Gooch's cell and told Gooch that Defendant Douglas told him to strip search Gooch and search his cell on the day she is off from work. Defendant Tyus then told Gooch to get naked and put his hand on the wall. (*Id.*) Gooch put his hand on the wall so Defendant Tyus could frisk him, but told Defendant Tyus that he

would not get naked for a strip search – as a result Defendant Tyus frisked Gooch again, squeezed Gooch's testicles, and caused extreme pain. (*Id.*) When Gooch told Defendant Tyus that Defendant Tyus hurt his testicles, Defendant Tyus, again, told him to take his clothes off for the strip search – this time Gooch took his clothes off, but when he told Defendant Tyus that he could not lift up his testicles for the strip search because they were hurting, Defendant Tyus threatened to write him up for refusing a direct order. (*Id.*) Defendant Tyus then finished conducting the search for drugs and told Gooch that Defendant Douglas was out to get him. (*Id.*)

Following the strip search, Gooch informed Ms. Harris and Cpt. Payne, who are not parties to this complaint, that he needed to see medical and gave them details about the "assault." (*Id.* at 4.) On November 11, 2014, Cpt. Payne told him to fill out a complaint against Defendant Tyus, and she would take it to Defendant Shouse. (*Id*.) On the same day, Gooch informed Dickerson about Defendant Tyus's assault, and he also said that he would talk to Defendant Shouse. (*Id.*) Gooch spoke with Defendant Shouse who then escorted Gooch to medical where Nurse Gomez and Nurse Meldon, who are not parties to this complaint, examined him and found that his testicles were swollen and gave him Ibuprofen and an ice pack. (*Id.*) On November 12, 2014, Gooch spoke with Defendant Donahue who told Gooch that he had heard about Defendant Tyus's "misconduct" and would look into it. (*Id.*) On November 17, 2014, Gooch filled out a grievance against Defendant Tyus. (*Id., see also* Incident Statement, ECF No. 1-1.) Defendant Tyus replied to the grievance that he stripped searched Gooch because he had on too many clothes, and he never said anything about Defendant Douglas since she was not there. (*Id.*)

Gooch alleges that on November 18, 2014, Defendant Shouse tried to get him to sign off on his grievance against Defendant Tyus which was an attempt to get Gooch to drop the grievance – Gooch refused to do so. (*Id.* at 5.) On the same day Gooch tried to talk to

Defendant Mills about the alleged assault, but was told that he could not talk to a TDOC employee. (*Id.*) Gooch alleges that Defendant Mills told him that Defendant Tyus was not missing any days off or getting fired due to Gooch's allegations of assault. (*Id.*) Also, on that same date, Gooch alleges that he was taken to medical where he was given Tryzadone and Prozac by the doctor to help with his inability to sleep due to the alleged assault. (*Id.*)

On November 20, 2014, Gooch asked Defendant Golden to escort him to get his laundry, but Defendant Golden said, "Hell No" and asked, "what the hell I look like you filing all this shit on Unit manager Douglas. I don't care if you lost your clothes." (*Id.*) Around April 2015, Defendant Donahue transferred Gooch to South Central Correctional Facility. (*Id.*) After his transfer, Gooch learned that another inmate had been similarly assaulted by Defendant Tyus, and although he also filed a grievance, nothing was done about it. (*Id.*) Gooch also learned that Defendant Tyus was later promoted to Captain at HCCF; however in October 2015, Defendant Tyus was fired for sending a female officer at HCCF a picture of his genitals from his cell phone. (*Id.*)

Gooch asserts that CCA is liable for the negligence of its employees acts and omissions committed in the scope of their employment and for failure to train its employees. (*Id.*)

Gooch seeks compensatory and punitive damages against all the named defendants. (*Id.* at 6.)

## II. ANALYSIS

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge

> does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  § 1983 Claim

Gooch filed his complaint pursuant to actions under 42 U.S.C. § 1983 which provides:

6

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### 1. Claims Against CCA

Claims against Defendants in their official capacity are construed as claims against their employer CCA, who is already a named defendant. Gooch does not assert a valid claim against CCA. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCA, Plaintiff "must show that

a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Gooch suffered any injury because of an unconstitutional policy or custom of CCA.

  2. *Claims against Defendants Mills and Donahue as Supervisors*

Defendants Mills and Donahue appear to be sued as supervisors. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Mills and Donahue, through their own actions, violated Plaintiff's rights.

  3. *Claims concerning Failure to Investigate Grievances*

The participation of Defendants Donahue and Shouse in investigating, processing, or denying Plaintiff's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. *Simpson v. Overton*, 79 Fed. Appx. 117, 2003 WL 22435653

8

(6th Cir. 2003); *see also Martin v. Harvey*, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance. *See Shehee*, 199 F.3d at 300; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996).

Gooch also has no cause of action against Defendants Donahue and Shouse for failing to investigate or take remedial measures to the extent they were aware of Plaintiff's grievances or complaints. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In *Dyer v. Casey*, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [*Marchese* and *Lucas* (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in *Marchese* upon the Sheriff in his official capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, 1998 WL 384564 *1 (6th Cir. 1998).

*4.     Eighth Amendment: Excessive Force*

Gooch complains that he was sexually assaulted by Defendant Tyus and unjustly searched by Defendant Golden. For a convicted prisoner such as Plaintiff, such claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Where an inmate challenges a use of force by prison guards, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (internal quotation marks omitted); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." (internal quotation marks omitted)). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same).

For purposes of screening, the Court concludes that Gooch has alleged a plausible claim for excessive force in violation of the Eighth Amendment against Defendant Tyus; however, the claims for unnecessary searches against Defendant Douglas do not rise to a violation of the Eighth Amendment.

Additionally, Gooch does not have a plausible claim against Defendants Golden and Douglas. Gooch alleges Defendants Golden and Douglas continued to maliciously harass him due to the lawsuit settlement he won against Ms. Buford. (Compl. at 3, ECF No. 1.)

For a convicted prisoner, such claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Defendants "harassments" do not satisfy the objective component of an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for

prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (citation omitted)); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts." (citation omitted)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable." (citation omitted)). Thus, Gooch has no cause of action for threats made by Defendants Douglas and Golden.

III. CONCLUSION

The Court DISMISSES Gooch's complaint against Defendants CCA. Donahue, Mills, Douglas, Shouse, and Golden for failure to state a claim on which relief can be granted, pursuant

12

to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendant Tyus on Gooch's Eighth Amendment claim for the use of excessive force.

It is ORDERED that the Clerk shall issue process for Defendant Tyus and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Tyus pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Gooch shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Tyus or on any unrepresented Defendant. Gooch shall make a certificate of service on every document filed. Gooch shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Gooch shall promptly notify the Clerk, in writing, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                                **s/James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.